UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

*Jenny Gamarra v. Bayer HealthCare Pharmaceuticals Inc., et al.*    No.  3:11-cv-12576-DRH-PMF

**ORDER**

**HERNDON, District Judge:**

Presently before the Court is defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction filed in accord with Case Management Order Number 70 ("CMO 70") (MDL 210 Doc. 3634). In accord with CMO 70 the plaintiff was given 14 days to respond. The plaintiff has failed to respond in any way to the defendants' motion. The Court deems the failure to respond to be an admission of the merits of the motion. SDIL-LR 7.1(c).

It is evident that diversity jurisdiction is lacking; accordingly, defendants' motion must be granted. In the instant case, the plaintiff is a citizen of New Jersey. Defendant Bayer Healthcare Pharmaceuticals Inc. is also a citizen of New Jersey. Accordingly, complete diversity is lacking and the action must be dismissed. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (Breyer, J.) (complete diversity exists "only if there is no plaintiff and no defendant who are citizens of the same state").

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED. The matter is DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Signed this 19th day of March, 2015.**

Digitally signed by David R. Herndon
Date: 2015.03.19 15:25:17 -05'00'

**United States District Court**